IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RICHARD D. WHITE,

        Petitioner,

    v.

BIRKHOLTZ,

        Respondent.

Case No. 3:25-cv-00606-SI

OPINION AND ORDER

    Richard D. White
    71572-509
    FCI SHERIDAN
    Inmate Mail/Parcels
    P.O. BOX 5000
    SHERIDAN, OR 97378

        Petitioner, *Pro Se*

    Scott E. Bradford
    United States Attorney
    Thomas Steven Ratcliffe
    Assistant United States Attorney
    1000 SW Third Avenue, Suite 600
    Portland, OR 97204-2902

        Attorneys for Respondent

1 - OPINION AND ORDER

SIMON, District Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2241 challenging decisions by the Bureau of Prisons ("BOP") to deny him credit toward his sentence under the Residential Drug Abuse Program ("RDAP") and earned time credit under the First Step Act ("FSA"). For the reasons that follow, the Petition for Writ of Habeas Corpus (#1) is denied.

## BACKGROUND

Petitioner is incarcerated at FCI-Sheridan where he is serving a 54-month sentence for being a prohibited person in possession of a firearm in violation of 18 U.S.C. § 922(g). He filed this habeas corpus case on April 14, 2025 in which he alleges that: (1) the BOP has wrongfully rendered him ineligible for RDAP incentives due to its erroneous characterization of his § 922(g) conviction as a crime of violence; and (2) his elevated recidivism score under the FSA is not correct and, even if he is appropriately characterized at the present time, the language of the FSA makes it clear that he should be permitted to apply his earned time credits despite his elevated risk of recidivism.

Respondent asks the Court to deny relief on the Petition because: (1) the Court lacks jurisdiction to consider Petitioner's claims; and (2) if the Court does have subject matter jurisdiction, the claims lack merit. Although Petitioner's supporting memorandum was due November 3, 2025, he has not filed such a brief.

## DISCUSSION

### I.  RDAP Credits

Petitioner first asserts that the BOP is wrongfully preventing him from utilizing the early release benefit associated with his successful completion of RDAP. In 1990, Congress passed

legislation requiring the BOP to "make available appropriate substance abuse treatment for each prisoner the [BOP] determines has a treatable condition of substance addiction or abuse." 18 U.S.C. § 3621(b). This led the BOP to develop RDAP, "subject to the availability of appropriations." 18 U.S.C. § 3621(e)(1)(C). In order to incentivize prisoners to participate in RDAP, in 1994 Congress created another statute that allows the BOP, at its discretion, to award successful participants with an early release benefit not to exceed one year. 18 U.S.C. § 3621(e)(2)(B). In this way, the sentencing reduction is <u>potential</u> insofar as the BOP retains "broad discretion to grant or deny the one-year reduction." *McLean v. Crabtree*, 173 F.3d 1176, 1182 (9th Cir. 1999); *see also Bowen v. Hood,* 202 F.3d 1211 (9th Cir. 2000) (the BOP may deny even successful RDAP participants the early release benefit).

Although the Court lacks jurisdiction to review individualized RDAP determinations, prisoners can challenge broader, systemic issues as violative of federal law or exceeding the BOP's statutory authority. *See Reeb v. Thomas*, 636 F.3d 1224, 1227-28 (9th Cir. 2011); 18 U.S.C. § 3625. The Court does not view Petitioner's challenge as one calling into question an individualized determination. Instead, it sees him as attacking the BOP's ability to exclude all prisoners with § 922(g) convictions from RDAP's early release benefit. The Court therefore concludes that it does, in fact, have subject matter jurisdiction over this claim.

Proceeding to the merits of Petitioner's RDAP claim, the BOP has broad discretion to deny sentencing reductions to prisoners who successfully participate in RDAP. *See* 18 U.S.C. 3621(e)(2)(B). The Supreme Court has upheld the validity of the BOP's regulatory framework that excludes prisoners with firearms offenses from RDAP early release eligibility. *See Lopez v. Davis,* 531 U.S. 230 (2001). Petitioner's claim is therefore without merit.

3 - OPINION AND ORDER

**II.     FSA Earned Time Credit**

Petitioner also asserts that he is being denied the benefit of the time credits he has earned under the FSA. The FSA incentivizes prisoners to complete evidence-based recidivism reduction programs in exchange for awards, including time credits prisoners can utilize to accelerate their relocation from prison to prerelease custody, or to accelerate the termination of their supervised release. *Gonzalez v. Herrera,* 151 F.4th 1076 (9th Cir. 2025). Passage of the FSA required the BOP to create an assessment system that evaluates the risk and needs of each federal prisoner, determine the recidivism risk for each prisoner, and classify each prisoner as posing a minimum, low, medium, or high risk of recidivism. 18 U.S.C. §§ 3631, 3632(a). In order to satisfy that requirement, the BOP developed its PATTERN scoring system.

All federal AICs who are not serving a sentence for a disqualifying offense under 18 U.S.C. § 3632(d)(4)(D) are eligible to earn FSA time credits (regardless of their PATTERN scores) provided they complete eligible recidivism reduction programs.[1] However, not all AICs can apply their earned time credits to their sentences. Only prisoners who are designated as either minimum or low risk of recidivism by virtue of their PATTERN scores are eligible to apply their earned FSA time credits toward an early transition from prison to prerelease custody, supervised release, or the satisfaction of a supervised release term. 18 U.S.C. §§ 3624(g)1(B); 3632(d)(4)(A), 3632(d)(5); 28 CFR § 523.542. Prisoners deemed to pose a medium or high risk of recidivism are excluded from utilizing any earned FSA time credits until they achieve either a low or minimum PATTERN score. 18 U.S.C. §§ 3624(g), 3632(d)(5); CFR 523.544.

---

[1] Petitioner is not serving a sentence for a disqualifying offense under § 3632(d)(4)(D).

4 - OPINION AND ORDER

Petitioner appears to raise two claims pertaining to his FSA time credits. First, he contends that the BOP erroneously elevated his PATTERN score because it considers § 922(g) conviction as a crime of violence. As with his RDAP claim, the Court does not interpret Petitioner's challenge as one simply involving the BOP's individualized calculation of his PATTERN score. Instead, it views him as alleging a violation of federal law insofar as the BOP has mischaracterized § 922(g) convictions as crimes of violence when it comes to calculating PATTERN scores for federal prisoners. The Court therefore concludes it has subject matter jurisdiction over the claim. However, the claim lacks merit because the BOP retains broad discretion to determine which AICs meet the PATTERN eligibility standards for minimum and low risk designations, including defining what constitutes a violent offense. *See, e.g., Dempster v. Salmonson*, No. 3:25-cv-00490-AN, 2025 WL 2617795, at *2 (D. Or. Sept. 10, 2025) (collecting cases); *Hernandez v. Carter,* No. 23-cv-01850-LKG, 2024 WL 3995138, at *2 (D. Md. Aug. 30, 2024); *Sampson v. Lillard,* No. 23-cv-1792-RJD, 2024 WL 1010350, at *3 (S.D. Ill. Sept. 4, 2024). Because the BOP permissibly exercised its discretion on this issue, it did not exceed its authority or violate any federal law.

Petitioner also argues that under the FSA, he is entitled to apply the time credits he has earned regardless of his PATTERN score. Specifically, he states that "being high or medium for my FSA I can earn time but not use my earned incentives which contradicts the terminology of the FSA." Petition (#1), p. 7. This is not the case. The FSA expressly limits utilization of earned time credits only to those prisoners whose PATTERN scores establish that they pose a low or minimum risk of recidivism. 18 U.S.C. §§ 3624(g)1(B) & D(i)(I). Accordingly, Petitioner's claim lacks merit, and habeas corpus relief is not warranted.

///

5 - OPINION AND ORDER

## **CONCLUSION**

For the reasons identified above, the Petition for Writ of Habeas Corpus (#1) is denied.

IT IS SO ORDERED.

12/5/2025
DATE

Michael H. Simon
United States District Judge